UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JONATHON B. NEUBER,                                6:15-cv-833-TC

                              Plaintiff,

                                          FINDINGS & RECOMMENDATION
            v.                                                    and
                                                       ORDER
JOSHUA PRITT, JOEL PICKERD, CODY
SMITH, JUSTIN CARLEY,

                              Defendants.
_____

COFFIN, Magistrate Judge:

        Pro se plaintiff, Jonathan Neuber, brings this action asserting violation of his First and

Fourteenth Amendment right to domestic/familial association.  Before the court are plaintiff's

motions for a protective order and for partial summary judgment, and defendants' motion to strike.


A.      Motion for Order of Protected Discovery (#28)

        The gravamen of plaintiff's complaint is that he was in a relationship with Lori Lemhouse,

but that he and Lemhouse's probation officers violated his constitutional rights by ordering the two

of them to have no contact with each other because of their respective criminal convictions. Plaintiff

Page 1 - FINDINGS & RECOMMENDATION and ORDER

seeks discovery from defendants "that would bear on the issue of selective prosecution" with respect

to his relationship with Lemhouse in comparison to other "domestic couples" under supervision.

Plaintiff specifically asks the court to "authorize protected discovery (attorney/judges eyes only)

which would be sealed to the public, regarding non judicially sanctioned P.O. non contact directives

aimed at other domestic couples who have been under supervision of Benton County Parole and

Probation over these past number of years."

It is unclear how plaintiff's assertion of selective prosecution ties in with his claim of

deprivation of a familial relation.[1]  Regardless of whether Benton County probation has singled him

out for alleged deprivation of this right, his claim, assuming he has a constitutional protected interest

in his relationship with Lemhouse, would still stand.[2]  It does not appear that plaintiff is alleging a

claim for violation of his right to equal protection.  It is not clear how the requested discovery is

relevant to the claims in the operative complaint.

Defendants note that plaintiff failed to adequately confer regarding discovery issues before

filing the instant motion.  Plaintiffs reply in support of the motion[3] indicates he is also seeking

Lemhouse's probation records as well as documents targeted to other issues not raised in the

operative complaint.  Accordingly, the dispute is not ripe for court intervention.  The motion is

---

[1]Plaintiff does also reference illegal search and seizure and false imprisonment in his request for relief, but does not specifically reference the Fourth Amendment in the complaint. Plaintiff's motion for partial summary judgment does reference the Fourth Amendment.

[2]Plaintiff's reply appears to suggest he is also seeking to raise claims on behalf of others regarding "social class cleansing."  Plaintiff may have standing to raise the issue of selective prosecution directed at him as part of a protected class, if possible, but he does not have standing to raise the issue on behalf of others.  Nonetheless, plaintiff has not moved to amend his complaint to raise such a claim.

[3]Defendants move to strike plaintiff's reply and that motion is denied.

Page 2 - FINDINGS & RECOMMENDATION and ORDER

denied without prejudice to be refiled, if necessary, after the parties confer regarding discovery. Plaintiff may also confer with defendants regarding amending the complaint, if necessary.


B.    Motion for Partial Summary Judgement (#30)

Despite ongoing discovery that even plaintiff claims is necessary, plaintiff has moved for partial summary judgment against defendants Pickerd, Pritt, and Smith for apparently all claims (raised and unraised in the complaint) including violation of his rights to privacy and familial association, and illegal search and seizure.  While plaintiff asserts that it is clearly established that he was directed to leave the home he shared with Lemhouse while under supervision, that Lemhouse was ordered to have no contact with plaintiff, that defendants conducted a search to discover plaintiff and arrest him and imprison him, it is not clear that such facts establish any constitutional violation at this stage of the proceedings.  Indeed, defendants have not had an opportunity to depose plaintiff. Moreover, it appears that plaintiff's claims have not even been clearly alleged at this point such that defendants have had an adequate opportunity to respond.

Before a court may enter summary judgment, an opposing party must be given a meaningful opportunity to respond which includes time for discovery necessary to develop facts justifying opposition to the motion.  See Portland Retail Druggists Association v. Kaiser Foundation Health Plan, 662 F.2d 641, 645 (9th Cir.1981) (Implicit in the "opportunity to respond" is the requirement that sufficient time be afforded for discovery necessary to develop "facts essential to justify (a party's) opposition" to the motion).  At this stage, defendants have not even been meaningfully informed of the claims against them, much less had an opportunity to discovery facts to justify their opposition to those claims. The motion for partial summary judgment should be denied without

prejudice to be refiled, if necessary, after the close of discovery and any necessary amendments to the pleadings.


## CONCLUSION

For the reasons stated above plaintiff's motion for an order for protected discovery (#28) and defendants' motion to strike (#37) are denied.

Also for the reasons stated above, plaintiff's motion for partial summary judgment (#30) should be denied. This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this _18_ day of October 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge


Page 4 - FINDINGS & RECOMMENDATION and ORDER